ROY NOBLE LEE, Presiding Justice,
for the Court:
Appellant, William (Billy) Smith, was con-' victed in the Justice Court, District One, *1034 Clay County, on a charge of simple assault, and was sentenced to pay a fine of two hundred sixty-nine dollars fifty cents ($269.50) and serve ninety (90) days in the Clay County Jail. The jail sentence was suspended for the period of one (1) year. He appealed to the Circuit Court of Clay County where he had a de novo trial, was found guilty and sentenced to pay a fine of three hundred fifty dollars ($350.00) and serve six (6) months in the county jail. Five and one-half (5½) months of the jail sentence were suspended and fifteen (15) days of the jail sentence were to be served. Smith has appealed to this Court and assigns only the following error:
The circuit court erred in imposing upon appellant a more severe sentence after his conviction in the de novo trial than he received upon conviction in the justice court.
Appellant and friends went to the Red Hot Restaurant in Clay County on the night of April 30, 1983, where they imbibed alcoholic beverages. Appellant became rowdy and was rude to the waitresses and other customers. The Red Hot Restaurant was owned by Bryant Smith, brother of appellant, and his wife. He was called for the purpose of getting appellant to quieten down and behave himself. When Bryant arrived, a scuffle ensued between appellant and him, and “Big Jimmy” McKee intervened in an attempt to stop the fight between the brothers. As often happens when outsiders become involved in a family fight, Big Jimmy McKee, who was 5 ft. 10 inches tall, weighed 200 lbs. and was quite a brawler himself, would up on the bad end of the deal. Several blows from appellant injured (knocked out) two of McKee’s teeth, cracked four more, not to mention lacerations about his face. The dentist estimated the cost of repairing McKee’s mouth and teeth to be twenty-one hundred dollars ($2,100).
Appellant solely and simply contends on this appeal that the court erred in imposing upon him a more severe sentence after his conviction on the de novo trial in the Circuit Court of Clay County than he received upon conviction in the justice court. We
have been cited no cases in this state addressing the question, and, therefore, it appears to be a case of first impression on the issue here.
Appellant cites and relies upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), as authority for his position. That case involved the retrial of a defendant who had successfully obtained a reversal of his original conviction. On the second trial, he was given a more severe sentence. The United States Supreme Court held that there was no constitutional bar to enhance the punishment at the second trial, but, in order to justify enhanced punishment, there must appear in the record events subsequent to the first trial which are brought to the trial judge’s attention and which justify the increased sentence. There was no such justification in Pearce, and the enhanced punishment was found to be constitutionally impermissible. In the absence of such a justifiable reason, the Court was of the opinion that the possibility for judicial vindictiveness and the corresponding chilling of the exercise of appeal rights was too great. Further, that a protective rule was needed when the defendant was being retried in the same court and often by the same judge, who had been found to be in error at the first trial.
The United States Supreme Court had before it a similar situation in Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), with the exception that sentencing was determined by the jury. The Court was of the opinion that this method was not “inherently vindictive” and was constitutionally permissible, since different juries fixed the sentence. See Thigpen v. Roberts, — U.S. —, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984) and Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), as distinguished from Chaffin, supra.
We are of the opinion that Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), is controlling in the case sub judice. Colten was convicted in the Quarterly Court of Fayette County, *1035 Kentucky, on a charge of disorderly conduct and fined $10.00. He exercised his right for trial de novo where he was convicted and fined $50.00 by the higher court. The United States Supreme Court held that Kentucky’s two-tiered court system did not justify the application of the Pearce rule. Further, that since in a two-tiered system the defendant was not being sentenced by the original court, and was not required to show that any error was made by the lower court, the possibility of judicial vindictiveness was very low.
Like Kentucky, the criminal court system in Mississippi is a two-tiered system, viz, a justice court trial, and appeal to the county court or circuit court where the accused is entitled to, and receives, a trial de novo, and different judges and juries hear the case.
In Colten, the United States Supreme Court, speaking through Justice White, said:
The right to a new trial is absolute. A defendant need not allege error in the inferior court proceeding. If he seeks a new trial, the Kentucky statutory scheme contemplates that the slate be wiped clean. Ky Rule Crim Proe. 12.06. Prosecution and defense begin anew. By the same token neither the judge nor jury that determines guilt or fixes a penalty in the trial de novo is in any way bound by the inferior court’s findings or judgment. The case is to be regarded exactly as if it had been brought there in the first instance.
407 U.S. 113, 92 S.Ct. at 1958, 32 L.Ed.2d at 591.
We are of the opinion that the lower court did not err in imposing on appellant the sentence of a $350.00 fine and six months in jail, with five and one-half months suspended, and the judgment of the lower court is affirmed.[1]
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.

. It is interesting to note that the circuit court sentence was 180.50 more than the justice court sentence but that under the justice court sentence, after one year, appellant would be required to serve ninety (90) days in jail. Under the circuit court sentence appellant was placed on probation for two (2) years but would serve only fifteen (15) days in jail. Which is the more severe sentence? Most courts and people probably would say that service of a ninety-day jail sentence is tougher than enhanced fine of $80.50 and probation for two years on a 5½ month suspended jail term.